## DAYTON VENEER & LUMBER MILLS v. CINCINNATI, N. O. & T. P. RY. CO.

### No. 170.

District Court, E. D. Tennessee, S. D.
July 12, 1940.

Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., for plaintiff.

Lynch, Whitaker, Hall & Allison, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This suit is brought seeking to recover damages for the burning of plaintiff's mill plant on allegations of negligence by the defendant.

The negligence charged is that the defendant carelessly put out fire on its right of way adjacent to the plaintiff's plant whereby, "the fire or fires which defendant started spread from the right of way of the defendant onto the property of the plaintiff * * *".

The motion before the court is to require the plaintiff to particularize as to the manner in which the fire spread from the defendant's right of way to the plaintiff's property.

I think it is immaterial for the plaintiff to have to allege and prove the particular manner the fire was transmitted.

There seems to be only two possible ways the fire could travel, and that would be either while attached to the ground or in the air unattached to the ground.

It is well within the realm of reason to assume that there might be a satisfactory showing that the fire did spread from the right of way to the mill property without proving just how the fire traveled. Of course such showing might not be made. This is a matter for the plaintiff to prove by the quantum of evidence required by law.

I feel that it is not incumbent upon the plaintiff to be limited to one particular manner in which the fire might have spread. The question is not one of a technical nature but involves natural laws of which all men have common knowledge.

The motion is denied.